# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FABIAN LAGERALD ANDRE ALLEN, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THURMAN HENDERSON, | : | CIVIL ACTION NO. |
| Assistant Director, Clemency/Parole Selection, et al., | : | 1:11-CV-4180-TWT-JFK |
| | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Fabian Lagerald Andre Allen, confined in Hancock State Prison in Sparta, Georgia, has submitted a *pro se* civil rights complaint regarding action by the Georgia State Board of Pardons and Paroles ("Board"). By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is now before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A.

## I.    28 U.S.C. §  1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR

2

Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings his action against Thurman L. Henderson, the Board's Assistant Director of Clemency/Parole Selection, and against all Board members. (Doc. No. 1 ¶ III). Plaintiff complains that Defendants improperly revoked his probation after Elbert County officials "no billed" Plaintiff on robbery charges. Plaintiff contends that

3

he was not convicted on the robbery charges, he did not directly violate a probation policy, and the Board revoked his probation without reason or justification, in violation of his constitutional rights. (Id. ¶ IV). Plaintiff seeks damages and a restoration of his release on probation.[1] (Id. ¶ V).

The Eleventh Amendment protects Board members from official-capacity damage claims, and absolute quasi-judicial immunity protects Board members from individual-capacity damage claims. See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (holding that Board members, in their individual capacities, are "entitled to absolute quasi-judicial immunity from a suit for damages"); Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1309 (11th Cir. 1988) (affirming district court's decision that Board was entitled to Eleventh Amendment immunity on damage claims). Further, a claim that attacks the fact of confinement must be brought pursuant to 28 U.S.C. § 2254 after exhaustion of available state remedies. Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004) (holding that the federal habeas statute required prisoner to exhaust his state remedies before pursing challenge to parole revocation in federal court); Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 638 (11th Cir.

---

[1]Plaintiff does not seek injunctive relief in regard to a new hearing, he simply seeks a restoration of his probation.

4

1990) ("[I]f a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for a writ of habeas corpus." (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973))).

Plaintiff's damages claims against Defendants fail based on their immunity. To the extent that Plaintiff seeks to be re-released on probation, he must seek such relief via federal habeas corpus proceedings after he has exhausted his state remedies. Because there is no indication that Plaintiff has attempted to exhaust his state remedies, his action is not construed as a federal habeas corpus action at this time.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's action be **DISMISSED** for failure to state a claim against the named Defendants.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 29th day of March, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)